UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK DONOHUE, individually and as Parent and Natural Guardian of S.J.D.,

Plaintiffs,

-v-

KAMAR H. SAMUELS et al.,

Defendants.

26-CV-5329 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

On July 30, 2026, the Court held oral argument in this case and fifty-three other cases involving students at the International Institute for the Brain ("iBrain"), which have been consolidated at least for purposes of addressing Plaintiffs' motions for preliminary injunctions.

For reasons that will be explained at greater length in an Opinion to follow, the Court hereby ORDERS as follows:

- The motions of Plaintiffs in *Talley v. Samuels et al.*, No. 26-CV-5334 (JMF), and *Cornett v. Samuels et al.*, No. 26-CV-5609 (JMF), are WITHDRAWN without prejudice to renewal at a later date.

- The motions of the fourteen Plaintiffs who rely on an "operative placement" theory for pendency placement at iBrain are DENIED in full on the ground that they fail to establish pendency at iBrain consistent with the Second Circuit's decision in *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519 (2d Cir. 2020). These Plaintiffs are free, of course, to unilaterally enroll their children at iBrain and seek retroactive reimbursement from the DOE under the IDEA, but they "do so . . . at their own financial risk." *Id.* at 526 (internal quotation marks omitted).

- The motion of Plaintiff in *Kabba v. Samuels et al.*, No. 26-CV-5342 (JMF), is likewise DENIED in full because the only proffered basis for the pendency placement at iBrain is an interim pendency order, which, by itself, does not and cannot establish pendency in future proceedings. *See Polanco v. Carranza*, No. 19-CV-08870 (MKV), 2024 WL 4354861, at *6 (S.D.N.Y. Sept. 27, 2024); *see also* 34 C.F.R. § 300.518(d) (establishing that only a state administrative official's "agree[ment] with the child's parents that a change of placement is appropriate . . . must be treated as an agreement between the State and the parents."). Kabba is similarly free to

unilaterally enroll her child at iBrain but and seek retroactive reimbursement, but she also "do[es] so . . . at [her] own financial risk." *de Paulino*, 959 F.3d at 526 (internal quotation marks omitted).

- The motions filed by the remaining thirty-seven Plaintiffs — as to whom there is no dispute that pendency placement at iBrain is generally appropriate, *see* ECF No. 51 — are GRANTED in part and DENIED in part as follows:

    - First, they are GRANTED to the extent they seek an order declaring that iBrain is each relevant student's pendency placement while litigation at the administrative level unfolds and requiring the New York City Department of Education (the "DOE") to make payments for those students' tuition and related services to iBrain and for nursing services to B&H Healthcare Services, Inc. ("B&H Healthcare") based on the amounts approved in the students' prior unappealed final order. But they are DENIED to the extent they seek an order requiring the DOE (1) to make such payments by August 5, 2026 (or any date certain); (2) pending further consideration at the administrative level, to pay any increases in the amounts charged by iBrain for tuition and related services and by B&H Healthcare for nursing services relative to the last relevant school year; and (3) to make any payments for transportation services to Sisters Travel and Transportation Services LLC ("Sisters Travel"). Instead, the DOE shall make payments for tuition and related services to iBrain and nursing services to B&H Healthcare in accordance with its "its ordinary payment procedures." *Mendez v. Banks*, 65 F.4th 56, 63 (2d Cir. 2023).

    - As to transportation services, the Court finds that Plaintiffs are unlikely to succeed on their claim that they are entitled to pendency funding from the DOE directed to Sisters Travel because the DOE offered transportation services through the Office of Pupil Transportation ("OPT") to each student prior to the start of the school year and represents that (1) it is prepared to provide transportation services to each student that are equivalent to the services listed in such student's prior unappealed final order; and (2) OPT has not previously enforced, and will not enforce, the requirement that iBrain submit a valid certificate of occupancy for its building. *See, e.g.*, ECF No. 45-2 (example OPT letter). In light of those offers and representations, the Court finds that the DOE has satisfied its obligations under the stay-put provision of the IDEA with respect to transportation services because "[i]t is up to the school district to decide how to provide that educational program, at least as long as the decision is made in good faith." *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 171 (2d Cir. 2014); *see also de Paulino*, 959 F.3d at 533 ("[I]t is the City, not the Parents, that is authorized to decide how (and where) the Students' pendency services are to be provided."). Plaintiffs are free to unilaterally avail themselves of transportation services through Sisters Travel and seek retroactive reimbursement from the DOE under the IDEA, but they "do so . . . at their own financial risk." *de Paulino*, 959 F.3d

at 526 (internal quotation marks omitted).

- As to the timing of the payments to iBrain and B&H Healthcare, the Court concludes — and Plaintiffs' counsel conceded at oral argument — that it has discretion to determine whether to issue an order that directs the DOE to make payments by a date certain, without regard for the terms of any agreements that Plaintiffs entered with iBrain and B&H Healthcare. Accordingly, and on the record before it, the Court finds that: (1) notwithstanding the language in the enrollment agreement, Plaintiffs have failed to demonstrate that they will suffer irreparable harm absent an order requiring immediate payment or payment by a date certain; (2) issuing such an order would be contrary to the public interest as it would provide judicial imprimatur to a potentially collusive agreement that was drafted expressly for the purposes of evading the Second Circuit's decision in *Mendez* and, relatedly, would "frustrate the fiscal policies" of the state and not "comport[] with the practical realities of bureaucratic administration," *Mendez*, 65 F.4th at 63; and (3) that, in view of the fact that pendency payments cannot be recouped, the balance of hardships weighs in favor of the DOE, which has the prerogative to determine how to implement pendency in the first instance, *see de Paulino*, 959 F.3d at 533, and the duty "to implement basic budgetary oversight measures," *Mendez*, 65 F.4th at 63. More broadly, the Court finds, pursuant to its authority under the IDEA, that such an order would not constitute "appropriate" relief under the circumstances. 20 U.S.C. § 1415(i)(2)(C)(iii). In short, the Court concludes that Plaintiffs are not entitled to a preliminary injunction requiring the DOE to circumvent its ordinary payment procedures, let alone to make any payments by August 5, 2026.

- Finally, the June 30, 2026 temporary restraining order, *see* ECF No. 18, is hereby VACATED.

As noted, the Court will file an Opinion more fully explaining its reasons for these rulings in due course. In the meantime, the parties shall confer and, **no later than August 7, 2026**, file a joint letter providing their views on what, if anything, remains in these cases to resolve and proposing any next steps.

For convenience, an Appendix is attached to this Order identifying which cases fall into the categories discussed above. The Clerk of Court is directed to docket this Order in all cases listed in the Appendix, to terminate ECF No. 6 in *Donohue v. Samuels et al.*, No. 26-CV-5329 (JMF), and to terminate the identical motions filed in all cases listed in the Appendix.

SO ORDERED.

Dated: July 31, 2026
New York, New York

JESSE M. FURMAN
United States District Judge

## APPENDIX

**37 Plaintiffs for whom the Motions are GRANTED in part and DENIED in part:**

1. Donohue et al. v. Samuels et al., 1:26-cv-05329-JMF
2. Carrillo et al. v. Samuels et al., 1:26-cv-05330-JMF
3. Mondano et al. v. Samuels et al., 1:26-cv-05332-JMF
4. Moonsammy et al. v. Samuels et al., 1:26-cv-05333-JMF
5. Juca v. Samuels et al., 1:26-cv-05336-JMF
6. Juca v. Samuels et al., 1:26-cv-05337-JMF
7. Davis v. Samuels et al., 1:26-cv-05338-JMF
8. Larach Cohen v. Samuels et al., 1:26-cv-05339-JMF
9. Ogunleye v. Samuels et al., 1:26-cv-05340-JMF
10. Abreu v. Samuels et al., 1:26-cv-05341-JMF
11. Hidalgo et al. v. Samuels et al., 1:26-cv-05345-JMF
12. Fiallos v. Samuels et al., 1:26-cv-05346-JMF
13. De Paulino et al. v. Samuels et al., 1:26-cv-05372-JMF
14. Crespo et al. v. Samuels , 1:26-cv-05373-JMF
15. Grullon et al. v. Samuels et al., 1:26-cv-05376-JMF
16. Crosley et al. v. Samuels et al., 1:26-cv-05378-JMF
17. Lummayos et al. v. Samuels et al., 1:26-cv-05400-JMF
18. Frias v. Samuels et al., 1:26-cv-05403-JMF
19. Mejia v. Samuels et al., 1:26-cv-05404-JMF
20. Peralta et al. v. Samuels et al., 1:26-cv-05405-JMF
21. Otero v. Samuels et al., 1:26-cv-05409-JMF
22. Archibald v. Samuels et al., 1:26-cv-05410-JMF
23. Mendez et al. v. Samuels , 1:26-cv-05430-JMF
24. Lee et al. v. Samuels et al., 1:26-cv-05431-JMF
25. Bird et al. v. Samuels et al., 1:26-cv-05465-JMF
26. Popovychenko et al. v. Samuels et al., 1:26-cv-05602-JMF
27. Beckford et al. v. Samuels et al., 1:26-cv-05603-JMF
28. Desir et al. v. Samuels et al., 1:26-cv-05610-JMF
29. Davis et al. v. Samuels et al., 1:26-cv-05611-JMF
30. Rivas et al. v. Samuels et al., 1:26-cv-05612-JMF
31. Vasquez et al. v. Samuels et al., 1:26-cv-05637-JMF
32. Nicholls et al. v. Samuels et al., 1:26-cv-05638-JMF
33. Bautista et al. v. Samuels et al. , 1:26-cv-05639-JMF
34. Moreta et al. v. Samuels et al., 1:26-cv-05665-JMF
35. Zafrani et al. v. Samuels et al., 1:26-cv-05761-JMF
36. Ramos et al. v. Samuels et al., 1:26-cv-05762-JMF
37. Mason et al. v. Samuels et al., 1:26-cv-05871-JMF

**2 Plaintiffs for whom the Motions were WITHDRAWN:**

1. Talley et al. v. Samuels et al., 1:26-cv-05334-JMF
2. Cornett et al. v. Samuels et al., 1:26-cv-05609-JMF

**<u>14 “Operative Placement” Plaintiffs for whom the Motions are DENIED fully:</u>**

1. Neilson et al. v. Samuels et al., 1:26-cv-05331-JMF
2. Leger v. Samuels et al., 1:26-cv-05343-JMF
3. Paul v. Samuels et al., 1:26-cv-05344-JMF
4. Blyumin et al. v. Samuels et al., 1:26-cv-05371-JMF
5. Gordon et al. v. Samuels et al., 1:26-cv-05401-JMF
6. De Los Santos et al. v. Samuels et al., 1:26-cv-05406-JMF
7. Varela et al. v. Samuels et al., 1:26-cv-05484-JMF
8. Diaz et al. v. Samuels et al., 1:26-cv-05500-JMF
9. King et al. v. Samuels et al., 1:26-cv-05501-JMF
10. Joseph et al. v. Samuels et al., 1:26-cv-05503-JMF
11. Devore et al. v. Samuels et al., 1:26-cv-05631-JMF
12. De La Cruz et al. v. Samuels et al., 1:26-cv-05636-JMF
13. Vidal v. Samuels et al., 1:26-cv-05640-JMF
14. Ramirez v. Samuels et al., 1:26-cv-05641-JMF

**<u>Plaintiff Kabba for whom the Motion is DENIED fully:</u>**

1. Kabba v. Samuels et al., 1:26-cv-05342-JMF